**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IGT and IGT CANADA SOLUTIONS ULC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:23-cv-00885-ADA |
| v. | ) | |
| | ) | Judge: Honorable Alan D. Albright |
| ZYNGA INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRETRIAL ORDER

Pursuant to the Notice of Stipulation on Case Deadlines (ECF 218), and consistent with the Local Rules and this Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases, Plaintiffs IGT and IGT Canada Solutions ULC ("Plaintiffs" or "IGT") and Defendant Zynga Inc. ("Defendant" or "Zynga") respectfully submit this Joint Pretrial Order governing trial of this action. This Joint Pretrial Order is being submitted in advance of the Final Pretrial Conference currently scheduled on September 28, 2023. Jury selection is currently scheduled to begin on October 13, 2023, with trial set to begin on October 16, 2023, at 9:00 a.m.[1]

## I.     APPEARANCE OF COUNSEL

The parties' Appearance of Counsel is attached as **Exhibit A.**

## II.     JOINT STATEMENT OF THE CASE

The parties' Joint Statement of the Case is attached as **Exhibit B.**

## III.     CONTENTIONS OF THE PARTIES

The parties' Statement of Contentions is attached as **Exhibit C.**

---

[1] Unless otherwise indicated, all times referenced herein are to local time in Austin, TX. Unless otherwise indicated, all days are in calendar days.

## IV.    STATEMENTS OF UNCONTESTED FACTS

The parties' Statement of Uncontested Facts is attached as **Exhibit D.**

## V.    DISPUTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated.  The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised by any further discovery undertaken in this case, the Court's rulings on any pending motion, or rulings made at the pretrial conference in this action.  By providing this statement, the parties do not concede that all these issues are appropriate for trial (at all or to a jury).  The parties do not waive any of their pending motions.

1.        Whether IGT US has standing to assert the '189 Patent.[2]

2.        Whether IGT has shown by a preponderance of the evidence that Zynga directly infringed one or more of Claims 1 or 10 of the '189 Patent.

3.        Whether IGT has shown by a preponderance of the evidence that Zynga infringed Claim 10 of the '189 Patent under 35 U.S.C. § 271(f).

4.         When Zynga first became aware of the '189 Patent.

5.        If Zynga is found to infringe, whether, on or after the date Zynga first became aware of the Asserted Patent, IGT has shown by a preponderance of the evidence that Zynga's infringement became and has been willful.

6.        Whether Zynga has shown that any of the Asserted Claims are unpatentable for failing to meet the requirements of 35 U.S.C. § 101.

7.        Whether Zynga has shown by clear and convincing evidence that any of the

---

[2] IGT disagrees that this is a legitimately disputed issue of law or fact.  For example, as of the filing of this document, Zynga has not filed any motion or other procedurally proper device seeking to dismiss IGT as a co-plaintiff in this case.  Thus, there is no dispute that IGT currently has standing to join IGT Canada Solutions ULC as a co-plaintiff.

Asserted Claims of the Asserted Patent are invalid.

8.      Whether Zynga's asserted prior art references for the '189 Patent were publicly accessible before the patent's earliest priority date.

9.      If Zynga is found to have infringed claims 1 or 10 of the '189 Patent, and those claims are not invalid, whether IGT is entitled to damages and, if so, the amount of damages adequate to compensate for any infringement.

10.      Whether IGT's damages are limited for failure to mark under 35 U.S.C. § 287

11.      Whether the Court should award the prevailing party its costs of suit.

12.      Whether this is an exceptional case entitling the prevailing party to an award of their reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and if so, in what amount.

13.      Whether the prevailing party is entitled to pre- and post-judgment interest and, if so, in what amount.

## VI.   OBJECTION LEGEND

Below is an Objection Legend chart providing a key of the objections used by both Plaintiffs and Defendant with respect to objections to each side's exhibit list and deposition designations.

| Objection Code | Objection | Comments |
|---|---|---|
| 105 | Limiting Evidence Against Other Parties/Purposes | Both |
| 408 | Inadmissible Compromise Offers and Negotiations | Both |
| 701 | Improper opinion testimony by lay witness | Depo |
| 702 | Improper expert opinion testimony | Depo |
| 703 | Inadmissible material relied on by an expert | Exhibit |
| 1002 | Best evidence | Both |
| 1006 | Improper summary | Both |
| AAA | Asked and answered | Depo |
| AF | Assumes facts not in evidence | Depo |
| ARG | Argumentative | Depo |
| BSER | Beyond the scope of the expert report | Depo |
| CLC | Calls for a legal conclusion | Depo |
| COMP | Compound | Depo |

| Objection Code | Objection | Comments |
|---|---|---|
| CS | Calls for speculation | Depo |
| MIL | Subject of Potential Motion *in limine* | Both |
| MSJ | Subject of Motion For Summary Judgment | Both |
| DUP of PX/DX[xx] | Duplicate exhibit | Exhibit |
| F | Lacks foundation | Both |
| H | Hearsay | Both |
| INC | Incomplete document or designation is incomplete | Both |
| ILL | Illegible copy | Exhibit |
| ID | Improper description / wrong document | Exhibit |
| IMP C | Improper counter | Depo |
| INQA | Incomplete question or answer | Depo |
| IX | Incorrect exhibit number | Exhibit |
| L | Leading | Depo |
| LA | Legal argument / calls for legal conclusion | Depo |
| LO | Question calls for an improper lay opinion | Depo |
| MD | Mischaracterizes document | Depo |
| MT | Misstates testimony | Depo |
| NA | Not authenticated / *authenticity* | Exhibit |
| NB | No Bates range or incorrect Bates range | Exhibit |
| NE | Not evidence or not testimony | Both |
| NP | Exhibit not provided | Exhibit |
| NPK | Witness has no personal knowledge | Depo |
| NTD | Not timely disclosed | Exhibit |
| NTP | Not timely produced | Exhibit |
| 403-P | Prejudice, confusion, misleading | Both |
| 403-C | Cumulative, waste of time | Both |
| OS | Outside Scope of the subpoena or prior examination | Depo |
| PRIV | Privileged | Both |
| R | Relevance | Both |
| SCOPE | Beyond the scope of the 30(b)(6) notice | Depo |
| SPEC | Question calls for speculation | Depo |
| V | Vague | Depo |

## VII.   EXHIBITS

IGT's Exhibit List and Zynga's objections thereto is attached as **Exhibit E-1**.  IGT's exhibits are identified with PTX numbers, starting with PTX-1.  Zynga's Exhibit List and IGT's objections thereto is attached as **Exhibit E-2**.  Zynga's exhibits are identified with DTX numbers, starting with DTX-1.

## VIII.   WITNESSES

In the absence of an alternative agreement between the parties, fact witnesses to be called for live testimony, including rebuttal fact witnesses, shall be sequestered pursuant to Rule 615 and may not be present in the courtroom during witness testimony until after they provide their live testimony, have been excused, and will not testify again at the trial.  Fact witnesses shall not review the transcripts of the trial testimony of other fact witnesses.  This provision does not apply to one designated corporate representative for Plaintiffs and one designated corporate representative for Defendant, who will be permitted to attend the entire trial (subject to exclusion as appropriate for certain highly confidential information).  Expert witnesses and a party's corporate representative need not be sequestered and may be present in the courtroom during trial and/or review transcripts of trial testimony.

IGT's witness list for the jury trial is attached as **Exhibit F-1**.   Zynga's witness list for the jury trial is attached as **Exhibit F-2**.

### A.   IGT's Statement Regarding Witness List Objections

IGT's objections to Zynga's witness list are attached as **Exhibit F-3**.  IGT disagrees that its objections to Zynga's witness list or that IGT's identification of Jeff de Anda and Binh Nguyen as may-call witnesses are improper, as Zynga asserts in its separate statement below, which Zynga provided for the first time at 8:04 PM on the day this Joint Pretrial Order is due.  IGT reserves all

rights to respond more fully to Zynga's separate statement, such as to address Zynga's cited case law, at an appropriate time including at the Final Pretrial Conference.  Here, IGT states that Zynga's statement below incorrectly implies that Messrs. de Anda and Nguyen were **only** identified in IGT's initial disclosures with respect to information about no-longer-asserted patents. This is false.  IGT's initial disclosures additionally identified the "subjects discussed during deposition" as within each witnesses' knowledge, and Zynga had the opportunity to explore the extent of that knowledge at both witnesses' depositions.  Moreover, Zynga's statement commits the same error that Zynga alleges IGT committed in its objections, i.e., objecting to a witness list based on the assumed subjects of testimony.

### B.      Zynga's Statement Regarding Witness List Objections

Zynga contends that IGT's objections to Zynga's witness list are improper. None of IGT's objections provide a reason to exclude any of the witnesses identified on Zynga's list from testifying.  Instead, each objection appears to be targeted at testimony that IGT assumes that the witness may theoretically offer.  For example, IGT objects to Robert Terrell, Zynga's Chief Technology Officer, as "calls for a legal conclusion."  Such objections should be asserted at trial.

Zynga objects to IGT's inclusion of Jeff de Anda and Binh T. Nguyen on its witness list. IGT identified Mr. de Anda in its initial disclosures as having information related to █████████ ███████████████████████, which is the subject of the parties' pending Joint Motion to Sever and Stay.  *See* Dkt. 226.  Similarly, IGT identified Mr. Nguyen in its initial disclosures as having information related to the '089 patent and the '791 patent, which is no longer asserted in the case. Zynga took the depositions of Messrs. de Anda and Nguyen in reliance on IGT's representation that the testimony IGT would seek to elicit from each of them to support its claims related to the '089 or '791 patents.

These witnesses are not relevant to the pending dispute.  Any testimony from Messrs. de Anda and Nguyen related to patents that are no longer part of the case is irrelevant and should be excluded under Fed. R. Evid. 402 and 403.  Testimony from Messrs. de Anda and Nguyen on any other topic must also be excluded under Fed. R. Civ. P. 37(c)(1).  IGT was required to identify the "subjects of th[e] information" that it would use from each witness to support its claims or defenses under Rule 26(a)(1)(A)(i).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Here, IGT's failure is not substantially justified or harmless.  Zynga relied on IGT's initial disclosures in deposing Messrs. de Anda and Nguyen and will be prejudiced if they are permitted to offer testimony on other topics.  *See, e.g.*, *TC Tech. LLC v. Sprint Corp.*, No. CV 16-153-WCB, 2021 WL 1615418, at *5 (D. Del. Apr. 26, 2021) (confining witness' testimony to topics identified in party's Rule 26(a)(1) disclosures); *Moore v. Deer Valley Trucking, Inc.*, No. 4:13-CV-00046-BLW, 2014 WL 4956170, at *2 (D. Idaho Oct. 2, 2014) ("DVT may not call the witnesses to testify to any subject matter not listed by Plaintiffs in their disclosures.").

## IX.    DEPOSITION DESIGNATIONS

The offering party's deposition designations, with the opposing party's objections and counter-designations, will be provided on the schedule below:

| Witnesses to be called by prior testimony | |
|---|---|
| Identification of prior testimony designations and accompanying exhibits | 7:00 p.m. four (4) calendar days before deposition is to be played |
| Identification of objections and counter-designations and exhibits | 7:00 p.m. three (3) calendar days before deposition is to be played |
| Identification of objections to counter-designations | 9:00 p.m. three (3) calendar days before deposition is to be played |
| Meet and confer regarding prior testimony designations | 10:00 p.m. three (3) calendar days before deposition is to be played |

| Offering party to provide Court with marked-up transcript for ruling on any disputes | 9:00 a.m. two (2) calendar days before deposition is to be played |
|---|---|

## X.     STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties as discussed below and are made a part of this Pretrial Order.

### A.     Procedures

The parties agree to the following procedure which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

#### 1.     Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.    Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion.   All replies in support of the motions must be filed within 21 days of service of any oppositions.   The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

#### 2.     Notifications of Live Witnesses

No later than the pretrial conference, the parties will file with the Court and exchange amended witness lists containing (a) an identification of each previously-listed witness expected to be called live on direct examination during trial and (b) a good-faith narrowing of all other previously-listed witnesses. Each party will provide a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of testimony (i.e., live or by deposition) by **7:00 p.m. CT** two (2) days before they are expected to

testify.  Any objections to a witness will be provided no later than **9:00 p.m. CT** two (2) days before they are expected to testify.  The parties are to meet and confer to resolve any objections at **10:00 p.m. CT** two (2) days before the witness is expected to testify.

### 3. Demonstratives

#### a. Direct Examination

IGT's demonstrative exhibits will be identified by numbers prefixed with "PDX."  Zynga's demonstrative exhibits will be identified by numbers prefixed with "DDX."

A party will provide demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used, by **7:00 p.m. CT** the day before their intended use, and objections will be provided no later than **9:00 p.m. CT** the day before their intended use.   Any objection to the content or format of the provided demonstrative exhibits not raised by **9:00 p.m. CT** is waived.  The parties are to meet and confer to resolve any objections at **10:00 p.m. CT** the day before the demonstrative exhibits' intended use. If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention the next morning prior to any witnesses being called to the witness stand.

The parties will use their best efforts to disclose only demonstratives reasonably expected to be used with the witness.

Only non-substantive edits and typographical corrections to demonstratives are permitted after the meet and confer process.  If any changes are made, the party intending to use the demonstrative exhibit will promptly notify the opposing party of the change(s) before the demonstrative exhibits are presented to the jury.

Where a demonstrative exhibit refers to information found in a trial exhibit, the party offering the demonstrative exhibit shall disclose to the other party all trial exhibits that form the basis of the demonstrative exhibit at the same time the party discloses the demonstrative exhibit.

The party seeking to use demonstrative exhibits will provide a color representation of the demonstrative exhibits to the other side in PDF form.  However, for video animations, the party seeking to use the demonstrative exhibit will provide it to the other side electronically via a secure file share or other similar method.  Physical demonstrative exhibits must be identified in writing with specificity by the 7:00 p.m. CT deadline and, upon request, made available for inspection no later than an hour prior to the 9:00 p.m. CT deadline for objections.

This provision does not apply to demonstrative exhibits created in conjunction with a witness's testimony live in court, or demonstrative exhibits to be used for cross examination, none of which need to be provided to the other side in advance of their use.  The creating party must provide a copy of any demonstratives created in court by 7:00 p.m. CT on the same day the demonstrative was created.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use, so long as the underlying exhibit is pre-admitted or the party has identified its intention to use the exhibit according to the procedures for disclosing exhibits.

### b.   Opening Statement

The parties will exchange demonstratives to be used in opening statements by **2:00 p.m. CT** one calendar day before opening statements.  The parties will only exchange demonstratives they reasonably expect to use during opening statements.   Any boards or blowups will be identified as such.  The parties will provide any objections to such demonstratives by **4:00 p.m. CT** the day before opening statements.  Any objection to the content or format of the exchanged

demonstrative exhibits not raised by **4:00 p.m. CT** is waived.  The parties are to meet and confer to resolve any objections to the demonstratives for opening statements at **6:00 p.m. CT** the day before opening statements. Any modifications to overcome objections shall be provided by **8:00 p.m. CT** the day before opening statements.  If good faith efforts to resolve objections to demonstratives to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention on the morning of opening statements.

Only non-substantive edits and typographical corrections to demonstratives are permitted after the meet and confer process.  If any changes are made, the party intending to use the demonstrative exhibit will promptly notify the opposing party of the change(s) before the demonstrative exhibits are presented to the jury.

### c.   Closing Argument

The parties will not exchange demonstratives to be used in closing arguments.

### 4.   Exhibits

For any exhibits a party intends to offer in its case-in-chief, such party will provide a list of such exhibits to be used in connection with direct examination, including indicating with which witness the exhibit will be used, by **7:00 p.m. CT** two days before their intended use, and objections will be provided no later than 9:00 p.m. CT the day before their intended use.  The parties are to meet and confer to resolve any objections at 10:00 p.m. CT the day before the exhibits' intended use.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention when the exhibit is offered.  For any exhibits IGT intends to offer in its rebuttal case, the same provisions apply except that IGT's list of such exhibits will be provided by 7:00 p.m. CT the day before the exhibits' intended use, rather than two days before their intended use.

The parties will use their best efforts to disclose only exhibits reasonably expected to be used with the witness.

Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to the above disclosure obligations and to evidentiary objections.  Any exhibit, once admitted, may be used by either party but still must be included on the exhibit list to be used for a given witness.  The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.  In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

If a party intends to introduce a physical exhibit, that party must make the physical exhibit available to the other party for inspection no later than 7:00 p.m. CT one calendar day before the trial day during which the exhibit is expected to be introduced.  The parties shall meet and confer to resolve any objections no later than 10:00 p.m. CT on the day before the physical exhibit's expected use.

If a party proposes in its case-in-chief to read a statement by a party opponent from any pleading, request for admission response, interrogatory response, or the Joint Statement of Uncontested Facts, they will provide notice of exactly the portion they intend to use, including any redactions, by at least 7:00 p.m. CT two days before the statement is intended to be used at trial, and objections will be provided no later than 9:00 p.m. CT the day before the statement's intended use.  The parties are to meet and confer to resolve any objections at 10:00 p.m. CT the day before the intended use.  This notice provision does not apply when a party intends to use the statement

during cross-examination or for impeachment purposes.  For any statements IGT intends to offer in its rebuttal case, the same provisions apply except that IGT's notice of exactly the portion it intends to use, including any redactions, will be provided by 7:00 p.m. CT the day before the statements' intended use, rather than two days before their intended use.

If a party intends to use an exhibit during its opening statement to which the other party has objected, the party shall disclose the exhibit(s) by 2:00 p.m. CT the day before opening statements.  If the opposing party continues to object to any such exhibit(s), it will provide any objections by 4:00 p.m. CT the day before opening statements.  Any objection to such exhibit(s) not raised by 4:00 p.m. CT is waived.  The parties are to meet and confer to resolve any objections to these exhibit(s) at 6:00 p.m. CT the day before opening statements.  If good faith efforts to resolve objections to the exhibits to be used in opening statements fail, the objecting party shall promptly bring its objections to the Court's attention before opening statements.

The parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination.  Documents, deposition transcripts, or portions thereof, or other items, not specifically identified on the parties' Exhibit Lists or offered into evidence, may still be used at trial for purposes of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

For presentation purposes, for exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format. However, for the purposes of the Court's Jury Evidence Recording System (JERS), all electronic evidence will be submitted in a required file format. For demonstratives, the parties may copy-and-paste portions from original native versions of exhibits that are included on the parties' exhibit lists.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties will use their best efforts to ensure that only one version of a copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties' Exhibit Lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. Any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number. Except as explained below with regard to opening statements, exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

Due to the commercial sensitivity of each party's source code, the parties agree that source code will only be submitted to the Court's Box folder or Jury Evidence Recording System the day before a party seeks to admit such evidence in Court. Prior to that time, the parties will submit placeholder exhibits for any source code exhibits on a party's exhibit list, containing only a cover page with the endorsement required by section B(1)(a) of this Court's Amended Standing Order on Pretrial Procedures.

### 5.      Deposition Testimony

Deposition designations and objections will be exchanged in accordance with § IX. The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, minus any attorney objections, and providing a final version of the video to the other party for review as soon as any final rulings are obtained from the Court and the video editing has been completed (by **8:00 p.m. CT** the calendar day before it is to be shown to the jury).

Deposition video will include subtitles of the testimony at the bottom of the screen that match the witness's testimony.

At trial, the compilation of a witness's deposition testimony designated by the sponsoring party and counter-designated by the non-sponsoring party shall be played by video in chronological order. The time for each party's designated portions will be charged to the designating party.

Colloquy between counsel and objections will be eliminated when the deposition is played by video.

In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a

different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

### 6.   Handling of Source Code and Confidential Materials

The parties agree to request that the courtroom be sealed when a party's confidential information, including source code or evidence concerning highly sensitive business documents, is expected to be presented.  Only the specific code files or source code pages discussed at trial may be offered into evidence to become part of the record, not the entirety of the printed source code hard copies produced during fact discovery or their electronic image. Once the trial is complete, the Parties may retain a file copy of the admitted version of the source code exhibit(s) in hard copy subject to the provisions of the Protective Order.

## XI.   LIST OF PENDING MOTIONS

The following motions remain pending (*indicates that these motions may be denied in their entirety without prejudice to resubmission in the event that the stay is lifted with respect to the '064, '089, and '212 Patents):

| Docket # | Description |
|----------|-------------|
| 124 | Sealed Motion to Strike Portions of Expert Report of Dr. Keith Ugone and Exclude Related Testimony by ZYNGA INC |
| 125 | Sealed Motion to Exclude Damages Testimony of Dr. Keith Ugone by ZYNGA INC |
| 126* | MOTION for Summary Judgment *Zynga Inc.'s Renewed and Converted Motion for Summary Judgment on the '064 Patent* by ZYNGA INC.. |
| 127* | Sealed Motion Zynga Inc.'s Motion for Summary Judgment on the '089 Patent by ZYNGA INC. |
| 128 | Sealed Motion Zynga Inc.'s Motion for Summary Judgment on Pre-Suit and Foreign Damages for the '189 Patent by ZYNGA INC |
| 129* | Sealed Motion Zynga Inc.'s Motion for Summary Judgment that Asserted Patent 8,266,212 is Not Infringed or Patent Eligible by ZYNGA INC |
| 130 | Sealed Motion Zynga Inc.'s Motion for Summary Judgment of No Willfulness by ZYNGA INC |
| 131* | Sealed Motion Partial Summary Judgment *of No Invalidity Based on Alleged System Prior Art* by IGT, IGT CANADA SOLUTIONS ULC |

| 132* | Sealed Motion Partial Summary Judgment *of No Invalidity Under 112* by IGT, IGT CANADA SOLUTIONS ULC |
|---|---|
| 133 | Sealed Motion Daubert *Partial Motion to Exclude the Testimony of Mr. David Crane and Strike Untimely Disclosed Facts Regarding Non-Infringing Alternatives* by IGT, IGT CANADA SOLUTIONS ULC |
| 134 | Sealed Motion Daubert *Motion to Exclude or Strike Certain Testimony of Mr. Douglas C. Kidder* by IGT, IGT CANADA SOLUTIONS ULC |
| 135* | Sealed Motion Daubert *Motion to Exclude-In-Part Certain Opinions of Dr. Chatterjee Relying on an Unproduced Version of Diablo II (1.09) in Violation of Rule 37* |
| 226 | Joint Motion to Sever and Stay Claims of the '089, '064, and '212 Patents Pending Any Appeals of *Inter Partes* Review Decisions |
| 235 | Zynga's Motions *in Limine* |
| 236 | IGT's Motions *in Limine* |

## XII.   PROPOSED JURY INSTRUCTIONS

The parties' requested joint and disputed proposed preliminary jury instructions and proposed final jury instructions are attached as **Exhibit G**.  The parties have indicated through colors those proposed instructions that are disputed.  Red text is used to indicate IGT's proposed instructions.  Blue text is used to indicate Zynga's proposed instructions.

## XIII.   PROPOSED JUROR QUESTIONNAIRE

The parties' joint proposed juror questionnaire is attached as **Exhibit H**.

## XIV.   PROPOSED VOIR DIRE

The parties' joint proposed voir dire is attached as **Exhibit I**.

## XV.   VERDICT FORM

IGT's proposed verdict form is attached as **Exhibit J-1**.  Zynga's proposed verdict form is attached as **Exhibit J-2**.  Zynga's objections to IGT's proposed verdict form are attached as **Exhibit J-3**.  IGT's objections to Zynga's proposed verdict form are attached as **Exhibit J-4**.

## XVI.   MOTIONS IN LIMINE

IGT's Motions *in Limine* were filed at ECF No. 236.   Zynga's Motions *in Limine* were filed at ECF No. 235.   The parties' oppositions to these motions will be filed contemporaneously

17

herewith.[3]   The parties are continuing to meet and confer regarding potential agreements on these Motions *in Limine* and will advise the Court prior to the pretrial conference if any agreements are reached.   A copy of IGT's Motions *in Limine* is attached as **Exhibit K-1**.   A copy of Zynga's Motions *in Limine* is attached as **Exhibit K-2**.

### A.     Joint Stipulated Motions In Limine

The parties agree and stipulate to the following motions *in limine* under the assumption that the pending Joint Motion to Sever and Stay Claims of the '089, '064, and '212 Patents Pending Any Appeals of *Inter Partes* Review Decisions (Dkt. 226) will be granted, and that the '189 Patent will be the focus of the trial set for October 16, 2023 (Dkt. 218).   Each party reserves all rights with respect to any motions in limine that may have been proposed, modified, or withdrawn under that assumption.

1.     Exclude any argument, evidence, reference, or suggestion regarding any enhancement of damages beyond what is adequate to compensate IGT for Zynga's infringement and no less than a reasonable royalty under 35 U.S.C. § 284.

2.     Exclude any argument, evidence, or reference regarding indirect infringement under 35 U.S.C. §§ 271(b)-(c).  For the avoidance of doubt, this motion *in limine* does not impede IGT's ability to prove its § 271(f) claims or, if necessary, to establish Zynga's direction and control.

3.     Exclude any argument, evidence, reference, or suggestion that IGT or Zynga committed bad acts, violated any laws, or engaged in any other misconduct unrelated to the issues in this litigation.

---

[3] Due to an inadvertent formatting error in Zynga's Motions *in Limine*, the parties have agreed that the page limit for IGT's brief in opposition to Zynga's Motions *in Limine* is 8 pages, rather than 7.

4.      Exclude any "Golden Rule" argument, evidence, or reference—namely, anything suggesting that the jurors should put themselves in IGT's or Zynga's position and do unto it as they would have it do unto them.

5.      Exclude any argument, evidence, or questions concerning presence or absence of party's employees/executives, e.g., absent witnesses or executives.

6.      Preclude any evidence, testimony, or argument concerning the financial size, wealth, or executive compensation of Zynga's parent company, Take-Two.

7.      Exclude any argument, evidence, or reference to the "clear and convincing" standard as applied under the Texas Family Code.

8.      Preclude Zynga from raising § 101, step 1 at trial.

9.      Preclude references to any specific unasserted or no longer asserted IGT patent.

10.      Preclude references to other lawsuits involving IGT or Zynga.

11.      Preclude evidence or arguments that IGT, Walker Digital, or Cyberview engaged in any prosecution misconduct.

12.      Preclude any argument, evidence, or reference to the Technology Development and License Agreement between Intertrust Technologies Corp. and Universal Music Group referenced in the Expert Report of Dr. Keith Ugone.

13.      Preclude any argument, evidence, or reference to the Cyberview and Walker Digital agreements referenced in the Expert Report of Douglas Kidder Regarding Damages.

## XVII.  LENGTH OF TRIAL

The parties agree that each party will designate a representative to keep track of the time used by each party and for administrative matters each trial day.  Time will be charged to the questioning party, and any time spent on objections or administrative time will be charged at the

Court's discretion.  At the end of each trial day, the parties' representatives will coordinate with each other and with the Court to agree on the elapsed and remaining time allocations, and the agreed remaining time for each party will be read into the record.  The probable length of trial is four days, including jury selection.

IGT requests that each side be allotted 10 hours of trial time, exclusive of *voir dire*, jury instructions, opening statements, and closing arguments.  Zynga requests that each side be allotted 9 hours of trial time, exclusive of *voir dire*, jury instructions, opening statements, and closing arguments.

IGT proposes 60 minutes for opening statements per side, and 80 minutes for closing statements per side.  Zynga proposes 30 minutes for opening statements per side, and 45 minutes for closing statements per side.

## XVIII. JUROR NOTEBOOK

Twelve (12) copies of an agreed juror notebook containing copies of the Asserted Patent, a legal pad, and a pen will be delivered to the Court by the day before jury selection at noon.

The parties otherwise dispute the contents of the juror notebook.  Zynga proposes to also include copies of Australian Patent AU721645 ("Mulcahy").  IGT opposes but proposes to also include a glossary of patent terms, as is customary in this jurisdiction.


SO ORDERED this _____ day of _____, 2023.



_____
Hon. Alan D. Albright
United States District Judge

Dated: September 7, 2023                    Respectfully submitted,

By: _/s/ Elizabeth R. Moulton_              By:   _/s/ Leif R. Sigmond Jr._

Mark D. Siegmund                            Deron R. Dacus
Texas Bar No. 24117055                      State Bar No. 00790553
CHERRY JOHNSON SIEGMUND                     The Dacus Firm, P.C.
JAMES, PLLC                                 821 ESE Loop 323
400 Austin Ave., 9th Floor                  Suite 430
Waco, Texas 76701                           Tyler, TX 75701
msiegmund@cjsjlaw.com                       Telephone: 903-705-1117
Telephone: (254) 732-2242                   Facsimile:  903-581-2543
Facsimile:  (866) 627-3509                  ddacus@dacusfirm.com

ORRICK, HERRINGTON &                        Leif R. Sigmond Jr.
SUTCLIFFE LLP                               Illinois State Registration No. 6204980
Clement Seth Roberts, Bar No. 209203        Baker & Hostetler LLP
(Pro Hac Vice)                              One North Wacker Drive
croberts@orrick.com                         Suite 4500
Elizabeth R. Moulton, Bar No. 286937        Chicago, IL  60606-2841
(Pro Hac Vice)                              Telephone: 312-416-6275
emoulton@orrick.com                         Facsimile:  312-416-6201
Will Melehani, Bar No. 285916 (Pro Hac      LSigmond@bakerlaw.com
Vice)
wmelehani@orrick.com                        _Attorneys for IGT and IGT Canada_
Sarah K. Mullins, Bar No. 324558 (Pro       _Solutions ULC_
Hac Vice)
sarahmullins@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5799

Bas de Blank, Bar No. 191487 (Pro Hac
Vice)
basdeblank@orrick.com
1000 Marsh Rd.
Menlo Park, CA 94025
Telephone: +1 650 614 7400
Facsimile: +1 415 773 5799

Alyssa Caridis, Bar No. 260103 (Pro Hac
Vice)

acaridis@orrick.com
Isaac S. Behnawa, Bar No. 342441 (Pro
Hac Vice)
ibehnawa@orrick.com
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Sten Jensen, Bar No. 443300 (Pro Hac
Vice)
sjensen@orrick.com
Columbia Center
1152 15th St NW
Washington, DC 20005
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

*Attorneys for Defendant Zynga Inc.*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 14, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Leif R. Sigmond Jr.*
Leif R. Sigmond Jr.