# EXHIBIT C

Statement of Contentions

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IGT and IGT CANADA SOLUTIONS ULC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:23-cv-00885-ADA |
| v. | ) |
| | ) Judge: Honorable Alan D. Albright |
| ZYNGA INC., | ) |
| | ) |
| Defendant. | ) |

**STATEMENT OF CONTENTIONS**

By providing these contentions, the parties do not concede that any of the following issues are appropriate for trial (at all or to a jury). The parties also do not waive any of their pending motions or any future motions they may file.

**A.  IGT's Statement of Contentions**

IGT's contentions are detailed in its pleadings, discovery responses, expert reports, and other filings and submissions in this case, including in each of IGT's pending motions, which are incorporated here by reference; the contentions below do not include every detail underlying each contention. Except to the extent otherwise noted, IGT disagrees with and denies each of Zynga's contentions.

1. The priority date of U.S. Patent No. 9,159,189 ("the '189 Patent" or the "Asserted Patent"), entitled "Mobile Gaming Device Carrying Out Uninterrupted Game Despite Communications Link Disruption" is no later than April 11, 2013.

2. Zynga has directly infringed, and continues to directly infringe, Claims 1 and 10 of the '189 Patent (the "Asserted Claims") in violation of 35 U.S.C. § 271(a). IGT also contends that Zynga has infringed, and continues to infringe Claim 10 of the '189 Patent in violation of 35 U.S.C.

§ 271(f)(1) by supplying in or from the United States all or a substantial portion of the components of the claim, and further has infringed, and continues to infringe Claim 10 of the '189 Patent in violation of 35 U.S.C. § 271(f)(2) by supplying in or from the United States one or more components of the claim that are especially made or especially adapted for use in the invention. These claims may also be referred to as "the Asserted Claims."

3. Zynga has infringed, and continues to infringe each of the Asserted Claims by making, using, selling, offering for sale, importing, and/or distributing within the United States gaming methods and systems involving Game of Thrones Slots, Hit It Rich!, and Black Diamond Casino (collectively, "the Accused Products"). Zynga has infringed, and continues to infringe, claim 10 of the Asserted Claims by supplying in or from the United States all or a substantial portion of, and/or one or more components of, the Accused Products. IGT incorporates by reference the expert reports of its expert, Mr. Stacy Friedman.

4. Zynga has had actual or constructive knowledge of the Asserted Patent and its infringement thereof.

5. Zynga's infringement of the Asserted Patent has been, and continues to be, willful.

6. The Asserted Patent was issued by the United States Patent and Trademark Office and therefore is entitled to a presumption of validity. Further, Zynga cannot prove by clear and convincing evidence that any of the Asserted Claims are invalid.

7. The Asserted Claims are not unenforceable for any reason.

8. IGT has suffered damages by Zynga's infringement and is entitled to compensation for all foreseeable injury including in the form of a reasonable royalty. IGT incorporates by reference the expert reports and opinions of Dr. Keith Ugone with respect to damages.

9. IGT is entitled to the following relief:

      a.      Entry of judgment declaring that Defendant infringes one or more of the Asserted Claims of the Asserted Patent;

      b.      A judgment and order declaring that Defendant's infringement of the Asserted Claims of the Asserted Patent is willful;

      c.      An order awarding damages sufficient to compensate IGT for Defendant's infringement of the Asserted Claims of the Asserted Patent, but in no event less than a reasonable royalty including supplemental damages post-verdict, together with pre-judgment and post-judgment interest, and costs;

      d.      Enhanced damages pursuant to 35 U.S.C. § 284;

      e.      Entry of judgment declaring that this case is exceptional and awarding IGT its costs and reasonable attorney fees pursuant to 35 U.S.C. § 285;

      f.      A post-verdict and post-judgment account for infringement of any of the Asserted Claims of the Asserted Patent not otherwise covered by a damages award and the requested injunctive relief;

      g.      The entry of a permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Zynga and its agents, servants, officers, directors, employers, affiliated entities, and all persons in active concert or participation with them from continued infringement of any of the Asserted Claims of the Asserted Patent;

      h.      Such other equitable relief which may be requested and to which IGT is entitled; and

      i.      Such other relief as is deemed appropriate by this Court.

10.    IGT denies each of Zynga's contentions.

**B.     Zynga's Statement of Contentions**

Zynga's contentions in this case are detailed in its pleadings, discovery responses, expert reports, and other filings and submissions in this case, including in each of Zynga's pending motions, which are incorporated here by reference; the contentions below do not include every detail underlying each contention. Except to the extent otherwise noted, Zynga disagrees with and denies each of IGT's contentions.

1. IGT US lacks standing to assert the '189 patent. IGT Canada Solutions ULC is the only proper plaintiff to assert the '189 patent.

2. Zynga does not infringe, either directly or indirectly, any Asserted Claim.

3. The Asserted Claims are invalid under one or more of at least 35 U.S.C. §§ 101, 102, 103, or 112.

4. IGT is not entitled to any damages. Moreover, IGT's calculation of a reasonable royalty relies on an improper methodology, and IGT has failed to provide a suitable basis on which damages may be properly calculated. IGT is not entitled to pre-judgment or post-judgment interest or costs. IGT's claims for damages and costs are also statutorily limited, in whole or in part, by one or more of 35 U.S.C. §§ 286, 287 and 288.

5. Zynga has not willfully infringed the '189 patent, and IGT is not entitled to enhanced damages.

6. Zynga requests that the Court enter a judgment and order:

    a. In favor of Zynga and against IGT;

    b. dismissing Count II of IGT's Second Amended Complaint (ECF 70) with prejudice and ordering that IGT take nothing from Zynga under Count II;

    c. declaring the '189 patent invalid;

d.      declaring that Zynga has not infringed and is not infringing the '189 patent, directly or indirectly;

e.      requiring IGT to pay Zynga the costs of this action;

f.      declaring this case to be exceptional under 35 U.S.C. § 285 and awarding Zynga its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

g.      all such other relief to Zynga as this Court or a jury may deem proper and just.