IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IGT and IGT CANADA SOLUTIONS ULC, | § | |
| | § | |
| Plaintiffs, | § | Case No. 1:23-cv-00885-ADA |
| | § | |
| v. | § | |
| | § | |
| ZYNGA INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ZYNGA INC.'S BRIEF REGARDING THE COURT'S JURY INSTRUCTIONS

Zynga provides this brief to further explain its objections to the final jury instructions. Tr. 1205:2-1206:12.

**Instruction 10 (burden of proof—clear and convincing evidence):**

Zynga suggested a concise definition for the clear-and-convincing burden: evidence "showing that it is highly probable that what is argued is true."  But the Court instructed the jury with a long list of synonyms—"evidence so clear, direct, weighty, and convincing as to enable you to come to a clear conviction without hesitancy"—which makes the burden of proof appear cumulative for each adjective and significantly higher than it is.  Zynga's requested definition is supported by the model patent jury instructions from both the Federal Circuit Bar Association (FCBA) and the American Intellectual Property Law Association (AIPLA).  *See* AIPLA's Model Patent Jury Instructions, 2019 Ed., § 2.0; *id.* Practice Note ("To help jurors better understand and apply the clear-and-convincing evidentiary standard, consider substituting that phrase with language including 'highly probable' where it appears throughout these instructions."); FCBA Model Patent Jury Instructions § 4.3b-1 (2020).

**Instruction 17 (how a claim defines what it covers):**

Zynga objects to the Court's construction of "wireless communications link" for the reasons explained more fully in its brief, Dkt. 290, and at oral argument, Tr. 972:22-987:6.  To summarize, Zynga believes that the term's plain and ordinary meaning, as understood by a person of ordinary skill in the art having read the patent's specification, is that the communication occurs without any wires involved.  *Id*.  And IGT forfeited its mid-trial request for claim construction by not making an argument about that claim term at the *Markman* stage of this case.  Dkt. 290 at 3.

**Instruction 18 ("comprising" claims):**

Zynga objects to not explaining the principle of antecedent basis to the jury so that they understand the scope of the claims and the claims' use of the terms "a" and "the."  Zynga proposed the following instruction:  "Additionally, the use of the article 'the' before an element of the claim that was previously introduced with the article 'a' means that the claim is referring back to the same element already introduced in the claim."  Zynga's instruction is a correct statement of the law and goes to a disputed issue in this case, namely whether Zynga's products reestablish a wireless communications link between the same endpoints, as required by the claims.  *See Finjan LLC v. SonicWall, Inc.*, --- F.4th ---, 2023 WL 6775035, at *7-*8 (Fed. Cir. 2023); *Salazar v. AT&T Mobility LLC*, 64 F.4th 1311, 1315-18 (Fed. Cir. 2023).

**Instruction 21 (infringement under 35 U.S.C. § 271(f)(1)):**

First, Zynga objects to instructing the jury that IGT must prove that Zynga "supplied or caused to be supplied components *in or* from the United States."  The italicized words will likely confuse the jury because they suggest overlap with direct infringement, which occurs by supplying a patented invention "in" the United States.  To be sure, § 271(f)(1) says "in or from the United States."  But to avoid confusion, juries are not instructed by having statutes read to them verbatim. Neither the AIPLA nor the FCBA model includes the phrase "in or."

Second, Zynga objects to instructing the jury that, to show infringement under § 271(f)(1), IGT does not need to prove that Zynga had knowledge of the '189 patent or intended that it be infringed abroad.  On the contrary, § 271(f)(1) requires proof of both elements.  Specifically, it requires the defendant to supply in or from the United States "all or a substantial portion of the components of a patented invention … in such manner as to *actively induce* the combination of such components outside of the United States in a manner that would infringe the patent" if it

occurred in the United States.  (Emphasis added.)  In *Commil USA, LLC v. Cisco Systems, Inc.*, the Supreme Court held that § 271(b)'s substantively identical language—"[w]hoever actively induces infringement of a patent"—"requires intent to bring about the desired result, which is infringement" (internal quotation marks omitted)).  575 U.S. 632, 642 (2015).

Plainly, § 271(f)(1)'s "actively induce the combination" phrase "mimics the language of the indirect infringement provision[] of section 271(b)." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1334 n.6 (Fed. Cir. 2012).  And when Congress uses the same words in the same statute, courts should presume that they "have the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005).  Moreover, the Federal Circuit reaffirmed post-*Commil* that § 271(f)(1) requires "the specific intent to cause the combination of the components of a patented invention outside the United States." *Promega Corp. v. Life Techs. Corp.*, 773 F.3d 1338, 1351 (Fed. Cir. 2014) (holding), reaffirmed in 875 F.3d 651, 654 (Fed. Cir. 2017); *see also Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1222-23 (Fed. Cir. 2006) (affirming an infringement verdict under § 271(f)(1) where the evidence showed "the requisite intent").  An alleged infringer could not have that specific "intent to bring about the desired result" of "the combination of the components of a *patented invention* outside the United States" without first knowing of the patented invention.  See *Commil*, 575 U.S. at 642; *Promega*, 773 F.3d at 1351.

**Instruction 22 (infringement under 35 U.S.C. § 271(f)(2)):**

For the same reasons described above for the § 271(f)(1) instruction, Zynga again objects to instructing the jury that components must be supplied "in or" from the United States.  The model instructions do not add those two words.

**Instruction 24 (prior art):**

Zynga objects to not instructing the jury that prior art includes not only patents and printed publications, but also "what was known or used by others in the United States prior to the invention.  An invention is 'known' when the information about it was reasonably accessible to the public on that date."  Zynga's invalidity expert, David Crane, testified about background knowledge in the art, *e.g.*, Tr. 830:12-19, so the jury should have been instructed on the relevance of Mr. Crane's testimony to the obviousness inquiry.  *See Rovalma, S.A. v. Böhler Edelstahl GmbH & Co.*, 856 F.3d 1019, 1027 n.1 (Fed. Cir. 2017)  ("a skilled artisan's background knowledge is relevant to the reading of the prior art on which the obviousness challenge is based").

**Instruction 34 (reasonable royalty—availability of non-infringing substitutes):**

Zynga objects to the second paragraph of the Court's instruction:

> An alternative product may be considered "available" as a potential substitute even if the product was not actually on sale during the infringement period. Factors suggesting the alternative was available include whether the material, experience, and know-how to make or use the alleged substitute were readily available at the time of infringement. Factors suggesting the alternative was not available include whether the material was of such high cost as to render the alternative unavailable and whether an alleged infringer had to design or invent around the patented technology to develop an alleged substitute.

This paragraph is unnecessary and will not assist the jury in its deliberations.

**Patent eligibility:**

Zynga objects to not instructing the jury on the second step of the *Alice* inquiry for patent eligibility under 35 U.S.C. § 101.  As Zynga explained in its oral motion for judgment as a matter of law on patent eligibility, claims 1 and 10 are directed to the abstract idea of keeping participants distracted during a break in programming, and they fail to supply any inventive concept.  Thus, the question of whether the claim elements, individually or in combination, are well-understood, routine, and conventional should have gone to the jury.  Tr. 1195:19-1198:4.

Dated:  October 19, 2023               Respectfully submitted,

By:  */s/ Alyssa Caridis*
Mark D. Siegmund
Texas Bar No. 24117055
CHERRY JOHNSON SIEGMUND JAMES, PLLC
400 Austin Ave., 9th Floor
Waco, Texas 76701
msiegmund@cjsjlaw.com
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

Clement Seth Roberts, Bar No. 209203 (*Pro Hac Vice*)
croberts@orrick.com
Elizabeth R. Moulton, Bar No. 286937 (*Pro Hac Vice*)
emoulton@orrick.com
Will Melehani, Bar No. 285916 (*Pro Hac Vice*)
wmelehani@orrick.com
Sarah K. Mullins, Bar No. 324558 (*Pro Hac Vice*)
sarahmullins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5799

Bas de Blank, Bar No. 191487 (*Pro Hac Vice*)
basdeblank@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Rd.
Menlo Park, CA 94025
Telephone: +1 650 614 7400
Facsimile: +1 415 773 5799

Alyssa Caridis, Bar No. 260103 (*Pro Hac Vice*)
acaridis@orrick.com
Isaac S. Behnawa, Bar No. 342441 (*Pro Hac Vice*)
ibehnawa@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Sten Jensen, Bar No. 443300 (*Pro Hac Vice*)
sjensen@orrick.com
William F. Stute, Bar No. 1032093 (Pro Hac Vice)
wstute@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street N.W.
Washington, DC 20005
Telephone: +1 202 339 8400
Facsimile: +1 202 339 8500

Lauren A. Weber, Bar No. 60909 (Pro Hac Vice)
lauren.weber@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

*Attorneys for Defendant Zynga Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (and any declarations, exhibits, and proposed orders filed concurrently herewith) via email.


*/s/ Alyssa Caridis*
Alyssa Caridis